IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENNIE E. BARNES,** *Plaintiff*, | ) | |
| | ) | **C.A. No. 1:09-cv-00305** |
| **v.** | ) | |
| **ROBERT A. SAMBROAK, JR.** *Defendant***.** | ) | **Magistrate Judge Baxter** |

**MEMORANDUM OPINION**

**M.J. Susan Paradise Baxter**[1]

## I. Relevant Procedural History

On July 28, 2009, Plaintiff, an inmate incarcerated at State Correctional Institution - Albion, initiated this *pro se* action in the Court of Common Pleas of Erie County, Pennsylvania, raising various constitutional claims arising out of his 1999 criminal conviction. Plaintiff maintains that he is innocent of the crime and seeks monetary relief.[2] This case was removed to this Court on December 8, 2009.

Plaintiff alleges that his constitutional rights have been violated because an unnamed Assistant District Attorney failed to disclose exculpatory DNA evidence at his criminal trial. Plaintiff alleges that DNA evidence in the form of semen samples from a rape kit did not match

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. ECF Nos. 8, 9.

[2] Plaintiff is a prolific filer in this Court and many of his federal cases revolve around the constitutionality of his criminal conviction. See Barnes v. Domitrovich, C.A. No. 03-363E; Barnes v. Domitrovich, C.A. No. 03-389E, appealed to Third Circuit at C.A. No. 05-03870; Barnes v. Brooks, C.A. No. 05-100E; Barnes v. State of Pennsylvania, C.A. No. 05-112; Barnes v. Catalde, C.A. No. 09-67Erie; and Barnes v. Court of Common Pleas, C.A. No. 09-151E.

his DNA. The only named Defendant to this action is Assistant District Attorney Robert Sambroak. Importantly, Defendant Sambroak was not the Assistant District Attorney who prosecuted Plaintiff. In response to the Complaint, Defendant Sambroak has filed a Motion to Dismiss, ECF No. 4. Despite being given the opportunity to do so, Plaintiff Barnes has not filed a brief in opposition to the pending motion.

## II. Standards of Review

### A) *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Dept. of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.,* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12 (b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### B) Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

In ruling upon the Defendant's motion to dismiss, the Court may consider and take judicial notice of the docket sheets and court records in Plaintiff's cases before the state and federal courts. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) citing 62 Fed. Proc. L.Ed. § 62.520 ("certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment."); Anaspach v. City of Philadelphia, 503 F.3d 256, 273 n. 11 (3d Cir. 2007) (court may take judicial notice of public records when ruling on Rule 12(b)(6) motions to dismiss).

## III. Analysis

Plaintiff does not make any specific **factual** allegations in the Complaint regarding Defendant Sambroak. The Complaint consists only of a multitude of legal conclusions and

inferences lacking any factual support.[3] Indeed, Plaintiff's only direct reference to Defendant Sambroak is contained in paragraph 10 of the Complaint:

> "Plaintiff is sueing Robert A. Sambroak in his individual capacities, defendant having violated plaintiff's constitutional rights, defendant not performing his public servant duties, as required by his employer, job discriptions [sic], but rather the defendant's, on his own state of mind, thoughts and actions, personally, and knowingly, with wilful [sic] intent, maliciously, with deliberate indeference [sic] to the plaintiff, sought to, and did cause injury, harm knowing same was not lawful to do."

ECF No. 1. Plaintiff fails to make any **factual** statement relating to Defendant Sambroak. Instead, Plaintiff merely states his own legal conclusions that Defendant Sambroak violated his constitutional rights

In the face of a motion to dismiss, Plaintiff Barnes must provide factual allegations sufficient to plausibly support his allegations against Defendant Sambroak. See Phillips, 515 F.3d at 234 (explaining that plaintiff must submit enough facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element."). Here, Plaintiff did not provide even one concrete fact about Defendant Sambroak. Therefore, even liberally construing the allegations of the pro se litigant, the Complaint against Defendant Sambroak is insufficient to survive a motion to dismiss under Iqbal and Twombly.

Furthermore, even if Plaintiff had alleged facts implicating him, Defendant Sambroak is likely protected by prosecutorial immunity. A prosecuting attorney acting in a quasi-judicial role is relieved from liability for acts "intimately associated with the judicial phase of the criminal process," to include "initiating a prosecution and . . . presenting the State's case." Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) quoting Imbler v. Pachtman, 424 U.S. 409 (1976). Even the "deliberate withholding of exculpatory information is included within the legitimate exercise of prosecutorial discretion." Yarris, 465 F.3d at 137, quoting

---

[3] For instance, Plaintiff makes several claims, including that he "has been denied due process and equal protection rights," ECF No. 1-1, page 1, ¶1, and that he was denied access to courts due to "defendant's wilful [sic] intent, with deliberate indifference, to denied [sic] this plaintiff, 'Due process of law and equal protection of law, this Defendant's blatant violation of the supremacy clause,'" ECF No. 1-1, page 2, ¶ 6.

Imbler, 424 U.S. at 431-32 n. 34. See also Smith v. Holtz, 210 F.3d 186, 199 n. 18 (3d Cir. 2000)(finding that a prosecutor's decision not to disclose exculpatory evidence to defendant's counsel was protected under absolute prosecutorial immunity).

Additionally, Defendant Sambroak cannot be liable under the theory of *respondeat superior* for the actions taken by the prosecuting district attorney even if that attorney was under Defendant Sambroak's supervision. It is well-settled law that *respondeat superior* is not an "appropriate theory" for asserting supervisory liability in a Section 1983 civil rights action. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). In order for an individual defendant to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005). Plaintiff would need to allege that Defendant Sambroak "[gave] personal direction or [had] actual knowledge [of] and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has not alleged any facts demonstrating that Defendant Sambroak supervised the assigned district attorney or that Defendant Sambroak had any personal involvement in the case. Therefore, Defendant Sambroak cannot be liable based upon a theory of *respondeat superior*.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENNIE E. BARNES** | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 09-305 Erie** |
| **v.** | ) | |
| | ) | |
| **ROBERT A. SAMBROAK, JR.** | ) | |
| **Defendant.** | ) | **Magistrate Judge Baxter** |

**O R D E R**

AND NOW, this 30th day of September, 2010;

IT IS HEREBY ORDERED that Defendant Sambroak's motion to dismiss [ECF No. 3] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge